UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CHURCH OF THE OPEN DOOR OF WACO,<br>*Plaintiff,*<br><br>v.<br><br>CHURCH MUTUAL INSURANCE COMPANY,<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   CIVIL NO. 6:19-cv-00559-ADA |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Church Mutual Insurance Company's Motion for Judgment as a Matter of Law ("JMOL"). ECF No. 87. Plaintiff Church of the Open Door of Waco filed its Response (ECF No. 89) and Defendant filed its Reply (ECF No. 90). This motion follows the entry of final judgment on October 7, 2021. Upon review of the parties' arguments, the relevant facts, and applicable law, the Court **DENIES-IN-PART** and **GRANTS-IN-PART** Defendant's Motion for Judgment as a Matter of Law (ECF No. 87).

### I. BACKGROUND

This action arises out of Plaintiff's claim to receive insurance policy benefits under an insurance policy issued by Defendant. Plaintiff is a religious organization operating as Church of the Open Door of Waco. Defendant is an insurance company, Church Mutual Insurance Company, providing a policy to Plaintiff. The claim originates from damage sustained by Plaintiff's building during a hailstorm on April 13, 2018. The hailstorm, accompanied by strong winds, damaged the exterior of Plaintiff's building, including the sign on the side of the building, the air conditioning units on top of the roof, and the roof itself. Following the damage, Plaintiff retained a roofing contractor to estimate the costs of repairing the damage. The contractor inspected the property and

declared the roof had sustained serious damage. Plaintiff then filed a claim with Defendant pursuant to the insurance policy, which Defendant investigated and declined, finding that the damage was not as extensive as the Plaintiff claimed. Defendant hired two inspectors, who each affirmed that there was damage, but disagreed that the damage required replacement of the roof.

Following these inspections, Plaintiff filed suit in Texas state court on August 23, 2019, alleging breach of the policy, breach of the common-law duty of good faith and fair dealing, and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act (DTPA). The case was removed to federal court by Defendant. Plaintiff filed an amended complaint on February 4, 2020. On May 3 and 4, 2021, the case was tried before a jury, with Plaintiff receiving a damages award of $285,000 for the breach of policy. ECF No. 63 at 3. The jury also awarded Plaintiff $57,000 for the damages caused by Defendant's false, misleading, or deceptive act or practice. *Id.* at 5. The jury awarded a further $29,000 to compensate Plaintiff for the Defendant's unfair or deceptive act or practice. *Id.* at 8. Finally, the jury awarded Plaintiff $29,000 for damages caused by Defendant's breach of the duty of good faith and fair dealing. *Id.* at 11.

## II. LEGAL STANDARD

A court may grant JMOL against a prevailing party only if a reasonable jury would not have a legally sufficient evidentiary basis to find for the non-moving party on that issue. Fed. R. Civ. P. 50(a)(1). In deciding a renewed JMOL motion, a "court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Taylor-Travis v. Jackson State University*, 984 F.3d 1107, 1112 (5th Cir. 2021). The court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Id.* This is because "[c]redibility determinations, the weighing of the evidence, and the

drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 874 (5th Cir. 2013).

Courts grant JMOL only in extreme cases when the party bearing the burden of proof has established its case by evidence that the jury would not be at liberty to disbelieve, and the only reasonable conclusion is in its favor. *Mentor H/S, Inc. v. Medical Device Alliance, Inc.*, 244 F.3d 1365, 1375 (Fed. Cir. 2001). JMOL is inappropriate if the record evidence is such that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions. *Laxton v. Gap Inc.*, 333 F.3d 572, 579 (5th Cir. 2003).

A jury verdict must stand unless there is a lack of substantial evidence, in the light most favorable to the successful party, to support the verdict. *Am. Home Assur. Co. v. United Space Alliance, LLC*, 378 F.3d 482, 487 (5th Cir. 2004). Substantial evidence is more than a scintilla but less than a preponderance. *Nichols v. Reliance Standard Life Ins. Co.*, 924 F.3d 802, 808 (5th Cir. 2019). Thus, JMOL must be denied if a jury's verdict is supported by legally sufficient evidence that amounts to more than a mere scintilla. *Laxton*, 333 F.3d at 585.

### III. DISCUSSION

Defendant makes several arguments in support of its JMOL motion. First, Defendant argues that Plaintiff is not entitled to breach of contract damages for having made no repair to the roof following the storm, or in the alternative, the damages must be reduced by the policy deductible. Second, Defendant argues that Plaintiff is not entitled to extracontractual damages for failure to prove it suffered an independent injury. Defendant further argues that Plaintiff has failed to present sufficient evidence in support of the award of $115,000 in extracontractual damages. Third, Defendant argues that pre-judgment and post-judgment interest were improperly calculated.

Fourth, Defendant argues that the Court improperly excluded evidence related to Plaintiff's submission of policy claims for a storm that occurred in 2014.

**A) The jury properly awarded breach of contract damages based on testimony in the record including evidence requiring a reduction for the policy deductible.**

Defendant first asserts that Plaintiff's breach of contract claim for the jury finding was unsupported by the evidence. ECF No. 87 at 7. Plaintiff responds that the jury granted damages less than the damages they had requested. ECF No. 88 at 5. Defendant also argues that it is entitled to a reduction in damages in accordance with the applicable policy deductible. ECF No. 87 at 8–9. Plaintiff asserts that Defendant relies on decisions distinct from the present case. ECF No. 88 at 6–7.

Defendant argues that it did not breach the contract because Plaintiff failed to make repairs to the damage sustained on the building and failed to repair the roof of the building. ECF No. 87 at 7. Defendant claims that the language of the policy is unambiguous on this provision (ECF No. 65-1 at 50) and that Plaintiff did not follow the required procedure in the initial submission of its claim, justifying the denial of benefits. Defendant relies on the position that the jury improperly inferred away contractual limitations. The Court maintains the position that the jury took into consideration all evidence within the record (ECF No. 85 at 5–6), including testimony that established a need to reduce damages by the policy deductible. Trial Tr. vol. 1, at 198, May 3, 2021. The jury heard the evidence that Plaintiff's roof was damaged as a result of the 2018 storm, along with evidence that Defendant wrongfully denied its claim. ECF No. 89 at 4. This includes testimony about the interior damage to the Church and the repairs and patches to mitigate water intrusion. Plaintiff also presented to the jury its insurance contract with Defendant, and they were free to conclude that Defendant breached that agreement. The Court does not find that there is a substantial lack of evidence to support the breach of contract damages.

Defendant also argues that the damages must be reduced by the value of the policy deductible. ECF No. 65-1 at 51–52. Defendant argues that the jury did not deduct the policy deductible from the awards because the condition was not included in Question 2 as submitted to the jury. ECF No. 87 at 9. The Court disagrees. The jury was made aware of the policy condition requiring the reduction of the policy deductible of $56,700. ECF No. 85 at 5–6. The Court concluded that upon the instruction of the jury through the testimony of the case, the damages awarded by the jury include a reduction for the policy deductible. *Id.* Testimony in the record included damages ranging from $43,000 to $804,000. Trial Tr. vol. 1, 15–17, May 3, 2021. The record established a request for modification of Question 2, as submitted to the jury, which inquired: what sum of money, if any, if paid now in case, would fairly and reasonably compensate *Church of the Open Door of Waco* for benefits under the insurance policy owed for damages that were caused by the hail and wind storm of April 13, 2018. Trial Tr. vol. 2, 434–39.

Accordingly, there is sufficient evidence in the record to support the jury's damages award. Additionally, Defendant has not met its burden to demonstrate that the jury failed to consider testimony about the deductible in its breach of contract damages award.

**B) Plaintiff was entitled to extracontractual damages for tortious independent injuries arising out of Defendant's bad faith.**

Defendant argues that Plaintiff is ineligible for extracontractual damages. ECF No. 87 at 9–10. It argues that the damages presented by Plaintiff stemmed or flowed from the denial of benefits and were therefore not an independent injury. *Id.* at 10. Defendant further alleges that there was insufficient evidence to support the jury finding for extracontractual damages. *Id.* at 9. It argues that Plaintiff was unable to provide evidence within the record to support the specific amounts of the jury awards. *Id.*

The jury awarded extracontractual damages for violations of the Texas Insurance Code and DTPA, as well as breaches of the common-law duty of good faith and fair dealing. ECF No. 63 at 4–5, 8–11. Plaintiff correctly states that the extracontractual damages must be tangentially related to the denied claim for relevance. ECF No. 88 at 8. Furthermore, *Menchaca* specifies that insurance claims and damages attributed to bad faith denial are independent injury claims. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018). *Menchaca* limits the damages from bad faith conduct to those that differ from the benefits of the insurance policy. *Id.* at 499. Defendant proposes that all the asserted damages and expenses for mitigation efforts that Plaintiff has undergone stem or flow from the denial of benefits on the insurance claim. The *Menchaca* court applied the limitation to extracontractual damages stemming or flowing from the denial of benefits on the basis of *Boyd* and *Castañeda* precedent. *Id.* The *Boyd* distinction arises as a result of a take-nothing judgment on the underlying contractual claim which the extracontractual claims arose under. *Id.* at 491. Similarly, the *Castañeda* distinction arose out of a claim for equivalent policy benefits with no underlying statutory violation. *Id.* at 492. Those authorities are distinct from the current damages because Plaintiff is asserting an injury that would otherwise not be covered under the insurance policy. *See* ECF No. 65-1. Notably, Plaintiff's extracontractual damages claim arises out of the second and fourth *Menchaca* conditions. *Menchaca*, 545 S.W.3d at 489. Those factors are "an insured who establishes a right to recovery of policy benefits can recover those benefits as damages under the Insurance Code if the statutory violation caused the loss of benefits" and "if the insurer's statutory violation causes an injury independent of the loss of policy benefits, the insured can recover even if the policy did not afford coverage." *Id.*

Defendant also asserts that Plaintiff failed to present evidence sufficient to justify the jury's damages awards. The record includes the testimony of Plaintiff's maintenance employee and

Pastor Holmes regarding the interior damages that the Church incurred as a result of continued leaks of the roof. Trial Tr. vol. 1, 34–36, 67–71, May 4, 2021. Plaintiff further notes that it provided testimony demonstrating the need to hire additional specialists generating additional expenses. ECF No. 88 at 9. The jury subsequently awarded specific damages for each respective injury, separate and apart from those awarded for breach of contract. ECF No. 85 at 5. Plaintiff's testimony within the record provided an established basis for the jury to award damages for the extracontractual injuries.

Defendant's assertion that the extracontractual awards are excessive is tested against the standard of "grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork." *Papst Licensing GmbH & Co., KG v. Samsung Elecs. Co.*, 403 F. Supp. 3d 572, 604–05 (E.D. Tex. 2019) (quoting *Energy Transp. Grp., Inc. v. William Demant Holding A/S*, 697 F.3d 1342, 1356 (Fed. Cir. 2012)). The court in *Longoria* further elaborates that deference is granted to reasonable jury findings upon the evidence. *Longoria v. Hunter Express, Ltd.*, 932 F.3d 360, 365 (5th Cir. 2019). The record here includes evidence that Plaintiff requested as much as $804,000 for the replacement of the roof. Trial Tr. vol. 1, 16, May 4, 2021. The jury awarded complete damages far below this value. Furthermore, the totality of extracontractual damages awarded did not exceed the damages awarded for the breach of contract claim.

Accordingly, the extracontractual damages awarded by the jury were based upon an independent injury arising from the bad faith of the Defendant. The jury awarded damages for violations of the Texas Insurance Code, DTPA, and common-law duty of good faith and fair dealing. Furthermore, the jury damages awarded were supported by evidence of damages within the record (Trial Tr. vol. 1, 15–17, May 3, 2021) and were not clearly excessive to entitle Defendant's requested modification.

**C) Defendant is entitled to a modification of pre-judgment and postjudgment interest upon damages.**

Defendant first argues that pre-judgment interest was improperly calculated as annually compounding. ECF No. 87 at 16. It argues that the pre-judgment interest is properly controlled by the Texas Financial Code and shall be calculated as simple interest. *Id.* Defendant also argues that the post-judgment interest was assigned the incorrect interest rate. *Id.* It argues that post-judgment interest for diversity cases is controlled by federal law rather than state law. *Id.*

Pre-judgment interest in a diversity case is calculated in accordance with state law. *Bos. Old Colony Ins. Co. v. Tiner Assocs. Inc.*, 288 F.3d 222, 234 (5th Cir. 2002). Under Texas law, pre-judgment interest, is calculated at the post-judgment interest rate. Tex. Fin. Code § 304.103. Pre-judgment interest is thus dependent on the determination of the post-judgment interest rate. Post-judgment interest in a diversity case is calculated in accordance with federal law. *Bos. Old Colony*, 288 F.3d at 234. Interest shall be calculated at the "rate of the weekly average 1-year constant maturity Treasury yield" promulgated by the Federal Reserve System. 28 U.S.C. § 1961(a). Section 1961(a) further stipulates that the interest is calculated from the date that the judgment is entered. *Id.* The post-judgment interest rate promulgated by the Board of Governors of the Federal Reserve System on the date of final judgment entry was 0.09%. ECF No. 87 at 16. Texas law places a stipulation that the applicable interest rate is five percent when the rate published by the Federal Reserve System is less than five percent. Tex. Fin. Code § 304.003(c)(2). Because the state post-judgment interest rate determines the pre-judgment interest rate, the pre-judgment interest rate applied is five percent. The Texas Financial Code further stipulates that pre-judgment interest should be calculated as simple interest. Tex. Fin. Code § 304.104.

Post-judgment interest in a diversity case is calculated in accordance with federal law. *Bos. Old Colony*, 288 F.3d at 234. Federal law stipulates that post-judgment interest is calculated upon

the Federal Reserve System published rate compounded annually from the date of the entry of judgment. 28 U.S.C. § 1961. The published interest rate, by the Board of Governors of the Federal Reserve System, on the date of entry of the judgment was 0.09%. ECF No. 87 at 16.

Accordingly, the pre-judgment interest is computed as simple interest at a rate of five percent and post-judgment interest is calculated at a rate of 0.09% compounded annually until the judgment is paid.

**D) Evidence of the 2014 Storm damages were excluded from the record as directed to an injury distinct from the concern of the trial.**

Defendant argues that the Court erred in excluding evidence about Plaintiff's claims from a storm that occurred in 2014. ECF No. 87 at 16–17. Defendant argues that the exclusion prevented the jury from considering the contribution of damages arising out of the previous storm. *Id.* The Court originally excluded the evidence on the grounds that the 2014 storm damages were not relevant to the consideration of the injury Plaintiff was seeking damages. Trial Tr. vol. 1, 52–56, May 3, 2021. The Court maintains that the evidence was properly excluded from the record. Defendant sought the entry of evidence from the 2014 storm which was directed to damages incurred to Plaintiff's HVAC system. Plaintiff sought only damages associated with injuries to the building roof and not to the HVAC system. Accordingly, the evidence was excluded properly as not relevant to the damages to the building roof.

**E) Defendant's objections to jury findings for insufficient evidence are not supported by the standard of review.**

Defendant moves for judgment as a matter of law on the jury's findings, arguing that the findings are against the great weight of evidence. ECF No. 87 at 19–20. Defendant argues that Questions 1–4 and 7–10 produced erroneous damages awards and that a new trial should be granted in light of these alleged errors. *Id.*

Defendant objects to the jury instructions question by question, arguing that most of the findings are not supported by legally sufficient evidence and are against the great weight of the evidence. *Id.* In each of these arguments, Defendant offers no authority to support its positions and does not cite to the record. In contrast, Plaintiff offers testimony and cites authority in dispatching Defendant's claims. ECF No. 88 at 17–20. Judgments as a matter of law may be granted only if a reasonable jury would not have had sufficient legal evidence to find for the non-moving party on that issue. In every issue presented by Defendant, the jury had sufficient evidence to meet this standard.

Defendant's arguments were dispatched in earlier sections, and it has not provided new arguments that compel a different decision on these arguments. By not providing sufficient evidence to overturn the jury's verdict, Defendant has not shown justifications for an order in its favor.

### IV. CONCLUSION

For the reasons above, the Court finds that Plaintiff produced sufficient evidence to support the jury's verdict in this case. The Court, therefore, **DENIES-IN-PART** and **GRANTS-IN-PART** Defendant's Motion for Judgment as a Matter of Law (ECF No. 87).

The Court **GRANTS** the modification of pre-judgment interest to simple interest calculation and the post-judgment interest rate to 0.09%.

The Court **DENIES** the request for modification of the breach of contract and extracontractual damages. The Court also **DENIES** the request for a new trial upon exclusion of evidence of an unrelated injury.

**SIGNED** this 25th day of May, 2022.

                                                                    ALAN D ALBRIGHT
                                                                    UNITED STATES DISTRICT JUDGE